UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 20, 2017

LETTER TO COUNSEL

      RE:    *Nora Elizabeth Price v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-212

Dear Counsel:

      On January 21, 2016, Plaintiff Nora Elizabeth Price petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Price's reply. (ECF Nos. 20, 25, 26). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Price filed her instant claim for benefits in May of 2012, originally alleging a disability onset date of August 11, 2007.[1] (Tr. 156-57). Her claim was denied initially and on reconsideration. (Tr. 88-91, 93-94). A hearing was held on June 19, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 25-57). Following the hearing, the ALJ determined that Ms. Price was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-24). The Appeals Council denied Ms. Price's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Price suffered from the medically determinable impairments of depressive disorder, anxiety disorder, attention-deficit hyperactivity disorder, left knee Osgood-Schlatter disease, and trigeminal neuralgia. (Tr. 14). However, the ALJ concluded that none of those impairments were severe, in that they individually or in combination significantly limited Ms. Price's ability to perform basic work related activities for twelve consecutive months. *Id.* Accordingly, the ALJ concluded that Ms. Price was not disabled. (Tr. 19).

      Ms. Price raises several arguments on appeal, essentially contesting the ALJ's determination that her impairments were not severe. I concur that the ALJ did not cite

---

[1] At her hearing, because of a prior denial of benefits, Ms. Price's attorney amended her alleged disability onset date to December 2, 2009. (Tr. 56).

substantial evidence to support that determination, at least as it pertains to Ms. Price's mental impairments.[2] Accordingly, remand is warranted.

Importantly, a claimant's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (*quoting Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Felton-Miller v. Astrue,* 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement."). Accordingly, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor, and the ALJ should continue with the sequential evaluation. SSR 85-28.

Following the amendment of her alleged disability onset date to December 2, 2009, Ms. Price had to establish disability within a twenty-nine day window, since her date last insured was December 31, 2009. (Tr. 168). In finding no severe impairments, the ALJ repeatedly relied on the fact that Ms. Price had only a single doctor's visit "during the period at issue." (Tr. 16-17). However, given the fact that the period at issue was less than one month, the fact that Ms. Price only had one appointment cannot reasonably substantiate a lack of significant medical issues. Moreover, the records from that one appointment do not suggest a "groundless claim" subject to disposition at step two. The December 7, 2009 appointment at Bay Area Neurology reflected that Ms. Price was suffering from facial pain that is not completely controlled by her medication that "wears off often," that her depression is worse and that her psychiatrist was "[not] seeing her any further" but that a new doctor was "being recommended." (Tr. 390). In fact, in the "Plan" section of the report, the neurologist noted, "<u>Psychiatry eval!</u>" (emphasis in original), despite the fact that none of the other suggested treatments were underlined or had exclamation points. (Tr. 391). Moreover, in a follow up letter to Ms. Price's treating physician about the appointment, the treating neurologist, Dr. Larry Blum, increased her medication for facial pain, stated, "[s]he does have a significant history of depression," and noted that he had provided a psychiatrist's number for follow-up. (Tr. 410-11). The ALJ's description of that appointment as "relatively unremarkable" (Tr. 16) and "relatively benign" (Tr. 17) does not accurately summarize its contents, particularly when compared to a *de minimis* standard of severity.

In addition, the ALJ did not provide substantial evidence to support the assignment of "little-to-no weight" to the opinion of the treating psychiatrist, Dr. Scribner. The ALJ primarily relied upon the fact that Dr. Scribner began treating Ms. Price after the date last insured. (Tr. 17-18). However, Dr. Scribner first saw Ms. Price only six weeks after the date last insured, and there is no indication that her mental health condition changed materially during that window or that her lack of treatment during those six weeks was attributable to anything other than the change in treatment providers. The ALJ also relies upon the lack of "any contemporaneous

---

[2] Ms. Price also contends that the ALJ erred by failing to identify and discuss her fibromyalgia and obesity. Because the case is being remanded on other grounds, on remand, the ALJ should consider those diagnoses and determine whether additional discussion is required. Although there are no specific records discussing fibromyalgia during the relevant time frame, the medical records making reference to fibromyalgia before the relevant time frame and the subsequent re-diagnosis of fibromyalgia in 2012 may affect the assessment of Ms. Price's credibility regarding the severity of her pain and other symptoms.

treatment notes from Dr. Scribner." (Tr. 18). However, the ALJ disregarded the fact that Dr. Scribner appeared personally and testified at the hearing before the ALJ, and read directly from her treatment notes during the hearing. (Tr. 33-35). The ALJ declined to ask Dr. Scribner any questions. (Tr. 37). Therefore, it is not reasonable for the ALJ to rest an assignment of little weight on the absence of contemporaneous notes that were present in the hearing room, when the ALJ failed to either request a copy of the notes or to ask for additional information about Dr. Scribner's personal observations during treatment.

Ultimately, the ALJ has not provided substantial evidence to justify a determination that Ms. Price's impairments failed to meet the *de minimis* standard of severity at step two. Remand is therefore appropriate so that the ALJ can either provide substantial evidence to justify that position or complete the sequential evaluation. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Price is not entitled to benefits is correct or incorrect.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 25) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge